HUTCHINSON (HOLMES v.). See Case No. 6,639.

HUTCHINSON (KINTZING v.). See Case No. 7,834.

## Case No. 6,957.

### HUTCHINSON v. MEYER.

[3 App. Com'r Pat. 436.]

Circuit Court, District of Columbia. Jan 21, 1861.

#### PATENTS—EQUIVALENTS—"IMPROVED PATTERN ROLLERS."

[1. The use of separate patterns, to be passed between plain rollers for causing adhesion between India rubber and cloth in certain portions of the cloth, is not an equivalent for embossed rollers used for the same purpose.]

[2. Whether two things are or are not equivalents is matter of skill and sound judgment, for the determination of the patent office, which can in no way be limited or restrained by the admissions or denials of parties.]

[Appeal by Christopher Meyer from the decision of the commissioner of patents, awarding priority of invention to Hiram Hutchinson for improved pattern rollers, in the application of India rubber to cloths by means of embossed rollers.]

MERRICK, Circuit Judge. The claims of both parties in this appeal, which, relying upon the use of embossed pattern rollers as the special patentable device, for causing adhesion between India rubber and cloth at those parts of the cloth which it may be desirable to coat with India rubber, have also declared, as the sense of the applicants, that the use of separate patterns, to be passed between plain rollers, is the equivalent of their respective inventions. Upon an interference declared, the office was of opinion that the separate pattern was not the equivalent of the embossed roller, and, being further of opinion that Hutchinson was the prior inventor of the same embossed roller, awarded a patent to him for that invention. From that decision an appeal has been taken, and sundry reasons of appeal have been assigned. Unfortunately for the appel-

lant, his counsel, who prepared the reasons of appeal, not adverting to the express and imperative provision of the law which debars the judge upon appeal from investigating any other questions, however obvious they may be, than those specifically presented by the reasons of appeal, has presented none among the reasons he has filed in this case which raise the question of priority between the parties in the use of embossed rollers. That was the most material question in the cause, and having myself called the attention of the counsel who argued the cause (he was not the same who prepared the reasons of appeal) to this difficulty, he has, with very becoming candor, admitted in his supplemental argument that the point is not presented for my consideration by any just construction of the reasons filed. This being conceded, I am obliged to pass by the consideration of all those parts of the testimony in the case bearing upon the question of priority of invention of that device.

Of the specific reasons assigned, the first seems designed to assert that the office is estopped from determining the true limits of patentable invention by the admission or statements of the contestants in their specifications that some other device is the patentable equivalent of the one claimed. The rules and principles which govern the law of estoppel have no relation to such a state of case. Whether two things are or are not equivalents is matter of skill and sound judgment, for the determination of the office, which can in no way be limited or restrained by the admissions or denial of parties. The fourth reason of appeal is very similar to the first, alleging error to be in the award of priority to Hutchinson for an invention described by him in Dec., 1858, notwithstanding Meyer, in Oct., 1857, described and experimented with what Hutchinson himself claims as an equivalent. Unless it were really the equivalent of Hutchinson's invention, the fact that Hutchinson so described it cannot avail, and the priority of discovery of a non-equivalent is no bar to his patent. It seems to me very clear that the separate patterns are not the equivalents of the embossed roller, the latter having advantages in economy and rapidity of application which give to it a superiority over the former, which superiority will support a patent, notwithstanding the fact that the article of which it is the supposed equivalent was first discovered, and may itself possess merit enough to uphold a patent.

In looking through the decision of the office, I do not find any such proposition decided as is covered by the second reason of appeal. The commissioner was of opinion that there was a radical difference between the invention of the separate patterns and the embossed roller and awarded priority of invention as to the latter to Hutchinson upon the evidence as he construed it, but decided

no such erroneous principle of law, as is embodied in the reason in question. Nor do I think that the office has given any conclusive weight, as alleged in the third reason of appeal, "to the testimony of" one witness for the appellant to the exclusion of others who testify to the economic utility of separate patterns. In passing, the commissioner alludes to the testimony of one witness as to the efficiency of the system of working with separate patterns, but this allusion is manifestly in connection with the question of equivalency of the two inventions, and in that aspect I do not see any error in his judgment upon the reason assigned. Nor does the commissioner any where decide the point that separate patterns are not of themselves patentable. He intimates, indeed, an opinion on the point, but does not decide that question; and if it were decided, there is nothing in the reasons of appeal to present that matter for my review. He appears really to have considered only the two points of equivalency of the separate patterns to the embossed rollers and the priority of invention of the embossed rollers.

I regret extremely that the reasons of appeal as framed do not present the merits of the case fully for my consideration. Whatever judgment I might have formed upon the case and the testimony if presented to me in a different form, I must, upon the case as made, affirm the decision of the office.